105.015

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MARK TURULSKI, SR.**<br>　　　　　　　　　Plaintiff<br>　　vs.<br>**AMTRAK**<br>　　　　　　　　　Defendant | CIVIL ACTION<br><br>NO. 06-245<br><br>JURY TRIAL DEMANDED<br>12 JURORS REQUESTED |

## ANSWER OF DEFENDANT AMTRAK
## TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.   Denied. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted in paragraph 1, namely that Plaintiff is a United States Citizen and a citizen of the State of Delaware where the "things were done to him by Defendant" and, therefore, they are denied. In addition it is specifically denied that Answering Defendant committed or was involved in any actions or inaction against Plaintiff.

2.   Admitted in part and denied in part. It is Admitted that Defendant Amtrak was created by an Act of Congress, wherein the United States is the owner of more than one-half of its capital stock and that Amtrak is subject to the business laws of the District of Columbia, to the extent that said business laws do not conflict with the Act of Congress which created the National Railroad Passenger Corporation. The National Railroad Passenger Corporation has its domicile and principal place of business in the District of Columbia, both as a matter of fact and as a matter of law, pursuant to the Act of Congress creating the National Railroad Passenger Corporation. It is admitted that Amtrak has an office at 60

Massachusetts Avenue, N.E., Washington, DC 20002.

    3.    Answering Defendant believes that Plaintiff has alleged in relevant part the following[1] :

    A.    On or about April 20, 2004, Defendant Amtrak caused Plaintiff Turulski mental, physical pain, anguish, and loss of life span.

    B.    Plaintiff's Court of Common Pleas case 04030/6366 was dismissed allegedly showing wrongful arrest.

    C.    Plaintiff alleges Defendant tortured Plaintiff because of prejudice and discrimination in that he was put in the cell behind the bars with the hand cuffs behind his back and on his wrist and hands so tight that his left wrist was bleeding.

    D.    Plaintiff alleges he was left there for approximately 8 hours, and that Wilmington Police Officer Cpl. Alex Velazquez saved his life by removing the handcuffs because he was about to have a stroke. Plaintiff is grateful.

    E.    Shortly after this incident, Plaintiff saw his doctor at the Wilmington, Delaware VA Hospital where he was found to have an increase in his blood pressure and was placed on two different types of blood pressure medication for the first time and because of this incident his life expectancy has been decreased.

    F.    The actions by the Defendant are a violation of his and/or the United States of America Constitutional rights including Article VIII and IX of his and/or our United States Bill of Rights and that said Article VIII says "cruel and unusual punishment is forbidden."

    G.    Plaintiff asks the Court to award the Plaintiff $30,000,000.00 accrued with interest. However, if Defendant pays to Plaintiff $3,000,000.00 on or before 10-10-06, the matter is to be considered settled and justice has prevailed.

    3.    Answering Defendant Answers the above pleadings from paragraph 3 as follows:

    A.    Denied. It is denied that Amtrak caused Plaintiff Turulski mental, physical pain, anguish, or loss of his life span. By way of further

---

[1] Plaintiff's complaint is handwritten and difficult to read and therefore Defendant would like to clarify what in fact it is responding to in its Answer.

answer, Amtrak denies any improper or illegal involvement with Mark Turulski on or about April 20, 2004.

B. Denied. It is denied that Plaintiff's Court of Common Pleas case 04030/6366 was dismissed because he was wrongfully arrested. Rather, Amtrak was involved in the arrest of Mark Turulski on March 20, 2004. It is specifically denied that Plaintiff Turulski was wrongfully arrested.

C. Denied. It is denied that Plaintiff was tortured while in custody. It is specifically denied that Plaintiff Turulski was subjected to prejudice or discrimination by Answering Defendant. It is specifically denied that Plaintiff Turulski was handcuffed too tightly. It is specifically denied that Plaintiff Turulski was handcuffed too tightly for 8 hours. It is specifically denied that Answering Defendant and/or any of Answering Defendant's agents, servants or employees acted negligently in its dealings with Plaintiff Turulski.

D. Denied. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 3D of Plaintiff's Complaint and therefore, to the extent that the allegations contained in paragraph 3D are deemed to be statements of fact, they are denied.

E. Denied. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 3E of Plaintiff's Complaint and therefore, to the extent that the allegations contained in paragraph 3E are deemed to be statements of fact, they are denied.

F.  Denied. It is denied that any alleged action or inaction by the Defendant violated any of Plaintiff's United States of America Constitutional rights including Article VIII and IX; and it is further specifically denied that any alleged action or inaction by the Defendant violated any of Plaintiff's United States Bill of Rights including said Article VIII says "cruel and unusual punishment is forbidden."

G.  Denied. It is denied that the Plaintiff is entitled to any relief. The remaining allegations are denied either because Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the matters asserted and/or because the averments contained in paragraph 3G of Plaintiff's Complaint are conclusions of law to which no response is required. To the extent that the allegations contained in paragraph 3Gare deemed to be statements of fact, they are denied.

### AFFIRMATIVE DEFENSES

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action upon which relief can be granted and fails to state a cause of action under 42 U.S.C. §1983 et seq. Similarly, Plaintiff's Complaint fails, with any reasonable particularity, to allege the existence of any Constitutional violations or the existence of any specific facts, incidents, or occurrences to demonstrate discrimination, prejudice, or liability against Answering Defendant Amtrak and/or its Police Officers.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred and/or limited in accordance with the Comparative Negligence Act.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk.

## FIFTH AFFIRMATIVE DEFENSE

Answering Defendant is clothed with the protection of immunity and qualified immunity in carrying out their respective functions in the Amtrak Police Department in a proper and lawful manner and in the exercise of good faith.

## SIXTH AFFIRMATIVE DEFENSE

Answering Defendant's conduct was not deliberately indifferent under the circumstances.

## SEVENTH AFFIRMATIVE DEFENSE

Probable cause existed for the Plaintiff's arrest and detention.

## EIGHTH AFFIRMATIVE DEFENSE

Any injuries or damages alleged to have been sustained by the Plaintiff were the result of the negligence or other conduct of a third person or persons over whom Answering Defendant exercised no control or right of control.

## NINTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant's force used, if any, was reasonable and necessary under the circumstances.

## TENTH AFFIRMATIVE DEFENSE

Answering Defendant did not cause any of the Plaintiff's alleged damages, losses, or injuries.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, all such damages being specifically denied.

## TWELFTH AFFIRMATIVE DEFENSE

Solely to protect its rights, Answering Defendant avers that the Doctrine of Respondent Superior is not available to Plaintiff to impose liability under the Federal Civil Rights Statutes.

## THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendant's agents, servants, employees, and/or representatives did not cause any accident, injury, or incident which is alleged to have occurred.

## FOURTEENTH AFFIRMATIVE DEFENSE

Solely to protect its rights, Answering Defendant avers that Plaintiff's actions caused, or contributed to, his alleged injuries. Further, if the conduct and actions of Plaintiff are accurate as alleged, then Plaintiff assumed the risks and failed cooperate with Police Authority. If Plaintiff suffered injuries or damages as alleged in the Complaint, then said injuries and damages were caused solely by the Plaintiff's contributory negligence and carelessness.

## FIFTEENTH AFFIRMATIVE DEFENSE

Answering Defendant avers that no cause of action exists for violations of the 8th or 9th Amendments to the Constitution as alleged by Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

National Railroad Passenger Corporation is a corporation which is partially owned by the Federal Government and the law of damages, as is applicable under

Federal Statutes should be applied in this case; therefore, the National Railroad Passenger Corporation is entitled to a reduction to present value of any future damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Solely to protect its rights, Answering Defendant avers that Plaintiff's claims are barred by the applicable statute of limitations. This defense is asserted purely to preserve the defense and will be withdrawn should it be demonstrated during the course of discovery and at the time of trial that this defense is not available.

WHEREFORE, Defendant demands Judgment against Plaintiff and in favor of the Defendant.

GALLAGHER, ROWAN & EGBERT P.C.
Attorneys for Defendant Amtrak

s/Jessica E. Gensler Lippy
BY:_____
JESSICA E. GENSLER LIPPY, ESQUIRE
Attorney I.D. No. 4426
Silverside Carr Executive Center
501 Silverside Road, Suite 94
Wilmington, DE 19809
(302) 798-2779

Date: April 14, 2006

105.015

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK TURULSKI, SR.<br>　　　　　　Plaintiff<br><br>vs.<br><br>AMTRAK<br>　　　　　　Defendant | CIVIL ACTION<br><br>NO. 06-245<br><br>JURY TRIAL DEMANDED<br>12 JURORS REQUESTED |

## CERTIFICATE OF SERVICE

　　I, Jessica E. Gensler Lippy, Esquire, attorney for Defendant Amtrak, hereby certify that a true and correct copy of the foregoing Answer on behalf of Defendant Amtrak, was served via first class mail, postage prepaid to Plaintiff as follows:

Mark Turulski, Sr.
6 Brookside Drive
Apartment A
Wilmington, DE 19804

　　　　　　　GALLAGHER, ROWAN & EGBERT P.C.
　　　　　　　Attorneys for Defendant Amtrak

　　　　　　　　　s/Jessica E. Gensler Lippy
　　　　　　BY:_____
　　　　　　　JESSICA E. GENSLER LIPPY, ESQUIRE
　　　　　　　Attorney I.D. No. 4426
　　　　　　　Silverside Carr Executive Center
　　　　　　　501 Silverside Road, Suite 94
　　　　　　　Wilmington, DE 19809
　　　　　　　(302) 798-2779

Date:　April 14, 2006