**105.015**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARK TURULSKI, SR. | | CIVIL ACTION |
| | Plaintiff | |
| vs. | | NO. 06-245 (GMS) |
| AMTRAK | | |
| | Defendant | JURY TRIAL DEMANDED |
| | | 12 JURORS REQUESTED |

## DEFENDANT, AMTRAK'S INTERROGATORIES
## ADDRESSED TO PLAINTIFF

TO:   Mr. Mark Turulski, Sr.
      PO Box 3145
      Wilmington, DE 19804-3145

These Interrogatories are to be answered pursuant to the Rules of Civil Procedure within thirty (30) days of service. Use additional sheets of paper to answer these interrogatories if necessary.

These Interrogatories are continuing and any information secured subsequent to the filing of your Answers, which would have been includable in the Answers had it been known or available, is to be supplied by Supplemental Answers.

The Interrogatories request information known to you or anyone acting on your behalf.

If a minor plaintiff is involved, the following Interrogatories where applicable, are to be answered with reference to said minor.

Any gaps in numbering should be disregarded.

"Incident" shall be defined as the factual allegations that form the basis for

Plaintiff's Complaint.

## INTERROGATORIES

1.   Identify each person who (1) was a witness to the incident through sight or hearing and/or (2) has knowledge of facts concerning the happening of the incident or conditions or circumstances at the scene of the incident prior to, after, or at the time of the incident.

   a.   With respect to each person identified in the answer to this Interrogatory, state that person's exact location and activity at the time of the incident.

   b.   With respect to each person identified in the answer to this Interrogatory, state that person's home address and phone number.

2.   If, at the time of the incident(s), or subsequent thereto, any of the persons listed in the preceding interrogatories were or are relatives, acquaintances, agents, employees or representatives of any party to this action, state the nature of such association as to each person.

3.   List the names and addresses, both residence and business of all persons whom you intend to call as witnesses at the trial of this case.

4.   At any time after the accident or incident described in the Complaint, were you aware of any conversation whatsoever relating to the incident. If so, identify all parties involved in the conversation, when each conversation took place, the substance at the time. If the conversation was noted by anyone describe the note in detail, attach a copy to the answers and give the name, address and occupation of the custodian of the documents.

5.   Have you, or any person acting for you or your representative, spoken to any person who had any relevant information concerning the incident described in the Complaint?  If so, state the following:

   a.   The names of those involved in the conversation;

   b.   The dates of each conversation;

   c.   A recital of what was stated by each party to each conversation;

   d.   If the conversation was memorialized in writing, attach a copy of said writing and give the name and address of the custodian of the original of said writing.

6.   State the name and the address of each person whom you expert to call as an expert witness at trial and state the subject matter on which the expert is expected to testify.

   a.   For each such expert, have the expert state the substance of the facts and opinions to which the expert is expected to testify and summarize the grounds for each such opinion;

   b.   Set forth the qualifications of each expert, listing the schools attended, years of attendance, degrees received, and experience in any particular field of specialization or expertise;

   c.   State each expert's age, residence and business address;

   d.   State the name and address of his present employer or if self-employed, the name and address of the business and his occupation;

e.    State the name and address of every person or firm for the last ten (10) years and a detailed description of all duties at each place of employment; if the expert was self-employed, state specifically and in detail the description of his duties and responsibilities.

7.    For all expert witnesses identified in Interrogatory 9, please state the following:

a.    Whether the facts and opinions to which he is expected to testify are contained in a written report, memorandum or other transcript and if they are, give the name and address of the present custodian of same and state whether you will produce same without the necessity of a Motion;

b.    If the opinion of any expert listed above is based in whole or in part on any scientific rule of principle, set forth the said rule or principle;

c.    If the opinion of any expert listed above is based in whole or in part upon any code, regulation, standard and specifically set forth the section relied upon;

d.    If the opinion of any expert listed above is based in whole or in part upon any scientific or engineering textbook or other publication, identify said text or publication;

e.    If the expert has testified in Court or by way of oral deposition within the past ten (10) years describe the Court involved. date of testimony and identity of attorney calling expert as a witness

8.    Have you given any statement as defined by the Rules of Civil Procedure concerning this action or its subject matter?

If so, identify:

a.  Each person to whom a statement was given;

b.  When and where each statement was given;

c.  Any person who has custody of any such statements that were reduced to writing or otherwise recorded.

9.  State in detail each and every of the injuries or diseases that you allege that you have suffered as a result of the incident referred to in the Complaint.

10. If you received medical treatment or examinations (including x-rays) because of injuries or diseases you suffered as a result of the incident, identify:

a.  Each hospital at which you were treated or examined.

b.  The dates on which each such treatment or examination at a hospital was rendered and the charges by the hospital for each.

c.  Each doctor or practitioner by whom you were treated or examined.

d.  The dates on which each such treatment or examination by a doctor or practitioner was rendered and e charges for each.

e.  All reports regarding any medical treatment or examination, setting forth the author and date of such reports.

11. If you have incurred any bills or expenses in connection with the injuries or diseases which you have suffered because of the incident referred to in the Complaint, and such bills and expenses are not otherwise listed in answer to these Interrogatories, set forth the amount for each such bill or expense, the service for which the bill or expense was incurred. and the identity of the

person who rendered the bill or who was involved in the expense.

12.   Describe any pain, ailment, complaint, injury, condition, or disability that you presently have as a result of the incident here involved.

13.   State whether you are still under treatment for the injuries or conditions alleged to have been sustained in the incident involved in this action.  If so, state the name and address of the person who last treated or examined you for the injuries with date and place where treated or examined.

14.   Either prior to or subsequent to the incident referred to in the Complaint, have you ever suffered any injuries or diseases in those portions of your body claimed by you to have been affected by the incident referred to in the Complaint?

If so, identify:

a.    The injuries or diseases you suffered;

b.    The date and place of any incident, if such an injury or disease was caused by an incident;

c.    All hospitals, doctors or practitioners who rendered treatment or examination because of any such injuries or diseases;

d.    Anyone against whom a claim was made, and the Court term and

number of any claim or lawsuit that was filed in connection with any such injuries or diseases;

e.   If a claim and/or lawsuit was brought by you pertaining to said impairment, describe the person and/or company against whom the claim was made, the manner in which the claim was made, and if a lawsuit was involved, the Court term and number of said suit.

15.   Aside from the accidents or incidents mentioned above, have you been involved in any other accidents or incidents in which you sustained damages and/or injuries. If so, state the nature of the incident, the place and date on which it occurred, the names and addresses of all persons involved, the injuries and impairments sustained by you and the Court term and number, if any lawsuits commenced as a result thereof.

16.   If you allege that the incident here involved aggravating a pre-existing condition, state whether you have recovered from said condition at the time of the incident and describe in detail all treatment which had been received by you for said pre-existing condition with the names and addresses of all doctors and hospitals involved with dates of medical care.

17.   State whether you have applied for or received any unemployment compensation benefits since the accident, and if so, the amounts received and the period covered by the payments.

18.   At the time of the incident, what was the nature of your employment and/or occupation? Describe your usual duties and labors.

19.   For the period of ten years immediately preceding the date of the incident referred to in the Complaint, state:  (Standard Interrogatory)

   a.   The names and address of each of your employers or, if you were self-employed during that period, each of your business addresses and the names of the business while self-employed;

   b.   The date of commencement and termination of each of your periods of employment or self-employment;

   c.   A detailed description of the nature of your occupation in each employment or self-employment;

   d.   The amount of income from employment and self-employment for each year.  (Attach your Federal Income Tax Return for each year)

20.   If you have engaged in one or more gainful occupations subsequent to the date of the incident referred to in the Complaint, state:

   a.   The name and address of each of your employers or, if you were self-employed, each of your business addresses and the name of the business while self-employed;

   b.   The dates of commencement and termination of each of your periods of employment or self-employment;

   c.   A detailed description of the nature of your occupation in each employment or self-employment;

   d.   The wage, salary or rate of earnings received by you in each employment or self-employment.  (Attach your Federal Income Tax Return for each subsequent to the accident);

   e.   The dates of all absences from your occupation resulting from the

injuries and diseases suffered in this accident. Set forth the amount of any earnings or other benefits lost by you because of such absences.

21.   State whether, as a result of the incident, you have been unable to perform any of your customary occupational duties or social or other activities in the same manner as prior to the incident, stating with particularity (a) the duties and/or activities you have been unable to perform, and (b) the periods of times you have been unable to perform, and (c ) the names and last known addresses of all persons having knowledge thereof. (Standard Interrogatory).

22.   If you are claiming loss of earnings or earning power as a result of the incident, state the total amount of such loss and show in detail how the amount of the alleged loss was computed.

23.   State your full name, any other names or nicknames you have been known by, your address, Social Security number, Blue Cross and Blue Shield numbers, Veteran's Claim number and the name of any health and accident insurance company covering any injuries named.

24.   State the name of any hospitalization or Workmen's Compensation Insurance Company, welfare fund, beneficial association or any other entity covering any injuries or losses sustained as a result of the incident involved in this case, or any prior or subsequent accident, injury, illness or disability.

25.    Prior to the current action, have you ever filed a Complaint in any Court or Administrative Office for a violation of your civil rights, your constitutional rights, wrongful arrest, cruel and unusual punishment, physical abuse or discrimination. If so, describe in what Court or Administrative Office, when, against whom, and the facts underlying the Complaint.

26.    Have you ever been convicted of a crime. If so, provide the crime convicted of and the Court wherein the conviction took place.

27.    Describe in detail under whose authority or permission you were removing material from Amtrak property when you were met by Officer Larkin of the Amtrak Police Department. Provide documentary proof thereof. If under no authority, state so.

28.    Describe in detail what you intended to do with the materials you were removing from Amtrak property when you were met by Officer Larkin of the Amtrak Police Department.

29.    Did you, Mr. Blatt, or Amtrak own the material you were removing from Amtrak property when you were met by Officer Larkin of the Amtrak Police Department.

30.    Identify each person to whom you complained of cruel and unusual punishment during the course of the alleged cruel and unusual punishment. Describe in detail your conversation with each person.

31.    Identify including but not limited to the telephone number and address of the individual or company who owned the truck you and Mr. Blatt were using to load the material you were removing from Amtrak property when you were met by Officer Larkin of the Amtrak Police Department.

GALLAGHER, ROWAN & EGBERT, P.C.

By:  _____

PAUL F.X. GALLAGHER, ESQUIRE
Attorney for Defendant Amtrak

Date: August 25, 2006

105.015

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARK TURULSKI, SR. | | CIVIL ACTION |
| | Plaintiff | |
| vs. | | NO. 06-245 (GMS) |
| AMTRAK | | JURY TRIAL DEMANDED |
| | Defendant | 12 JURORS REQUESTED |

## CERTIFICATE OF SERVICE

I, Jessica E. Gensler Lippy, Esquire, as attorney for the Defendant, Amtrak, hereby certify that I did serve a true and correct copy of **Amtrak's Interrogatories Addressed to Plaintiff** at the name and address as appears below, via United States Postal Service, first-class, postage prepaid mail on the August 25, 2006:

Mark Turulski, Sr.
PO Box 3145
Wilmington, DE 19804-3145

GALLAGHER, ROWAN & EGBERT, P.C.

By: _____

JESSICA E. GENSLER LIPPY, ESQUIRE
Attorney for Defendant Amtrak
SILVERSIDE CARR EXECUTIVE CENTER
501 SILVERSIDE ROAD
SUITE 94
WILMINGTON, DE 19809
(302) 798-2779
DSB #4426

Date: August 25, 2006

**105.015**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARK TURULSKI, SR. | | CIVIL ACTION |
| | Plaintiff | |
| vs. | | NO. 06-245 (GMS) |
| AMTRAK | | |
| | Defendant | JURY TRIAL DEMANDED |
| | | 12 JURORS REQUESTED |

## DEFENDANT, AMTRAK'S DOCUMENT REQUESTS
## ADDRESSED TO PLAINTIFF

TO:   Mr. Mark Turulski, Sr.
      PO Box 3145
      Wilmington, DE 19804-3145

## INSTRUCTIONS

These requests are made pursuant to the Federal Rules of Civil Procedure. Your written responses, as well as all documents and things requested hereby are required to be served at SILVERSIDE CARR EXECUTIVE CENTER, 501 SILVERSIDE ROAD, SUITE 94 IN WILMINGTON, DE 19809 within thirty (30) days.

The word "document(s)" means both writings and any compilation or data which may be in your actual or constructive possession, or in the actual or constructive possession of your counsel, or in the actual or constructive possession of any of your insurance carriers and/or their representatives or in the actual or constructive possession of any of your other representatives.

These requests are deemed to be continuing in nature, so that further or more complete later responses are required of you within five (5) calendar days after your later knowledge of the existence of which other documents as are not referenced by your presently written response. These requests for production

relate to any and all information known to you, your counsel, any insurance carrier and/or its other representatives, any outside investigation and/or any person with whom you or your counsel have communicated about this matter.

If you opine or contend in your written response each such document or thing designated (or part thereof) in any response hereto is not subject to production pursuant to the rules of discovery or any other reason, please state:

1. the nature of each such document or thing (or part thereof) that you will not produce; and

2. the basis for your unwillingness to produce (or otherwise make available for copying) each such document or thing (or part thereof).

## REQUESTS

1. Any and all statements concerning the above captioned action or its subject mater including, but not limited to, those previously made by the parties to whom this request is directed, or by the party by whom this request is made, his, her or their employees, servants, agents and/or representatives or by any other party or parties their employees, servants, agents and/or representatives, or by any witnesses or witnesses, including any and all written statements signed or otherwise adopted or approved by the person(s) making the statement, as well as any and all stenographic, mechanical, electrical and/or other recordings, or transcriptions which are substantially verbatim recitals of any and all oral statements by the person(s) making the said statement(s), and contemporaneously recorded;

2.     Any and all reports, notes, memoranda, summaries and/or records of any kind or description relating to any and all interviews of any and all parties and witnesses(es) made by an investigator, adjuster, insurer and/or any other agent or representative of the parties to whom this request is directed, other than their attorney;

3.     Any and all investigative reports, notes, memoranda, summaries and/or records of any kind or description concerning the above-captioned action or its subject matter, prepared, obtained, or otherwise in the possession, custody or control of the parties to whom this request is directed, and/or their attorney, investigator, adjuster, insurer and/or any other agent or representative excluding only that non-discoverable or privileged material as more particularly specified in the Rules of Civil Procedure;

4.     Any and all documents containing the names and home and business addresses of any and all individuals contacted as potential fact witnesses;

5.     Copies of any and all reports, correspondence, memoranda, notes, documents and writings rendered by any expert witnesses employed or consulted by plaintiff.  Said request is inclusive of, but not limited to, any and all reports prepared by each such expert during the course of the engagement by the plaintiff dealing with any factual issue involving the case, any and all facts and data which have been reviewed by said expert, and any and all opinions which he or she has rendered;

6.     Any and all bills, reports, notes, memoranda, summaries and/or records of any kind or description relating directly or indirectly to any and all damages or

losses claimed by the plaintiff to have been sustained and alleged to be resulting from the alleged occurrences or conditions as set forth in plaintiffs' Complaint;

7.    Copies of any and all documents, supporting all pecuniary losses and damages alleged to have been suffered by plaintiff;

8.    Copies of any and all documents supporting plaintiff's claims for damages in this action by reason of the injuries alleged to have been sustained by plaintiff relating to any claims for lost earnings and/or lost earning capacity and all other financial losses alleged to have been sustained as a result of the injuries;

9.    Any and all photographs, videos, films or other visual or audiovisual materials concerning the above captioned action or its subject matter prepared, obtained or otherwise in the possession, custody and control of the parties to whom this request is directed, and/or their attorney, investigator, adjuster, insurer and/or any other employee, agent or representative;

10.    Any and all drawings, maps, diagrams or other depictions concerning the above captioned action or its subject matter prepared, obtained, or otherwise in the possession, custody and control of the parties to whom this request is directed and/or their attorney, investigator, adjuster, insurer and/or any other employee, agent or representative;

11.    Any and all bills, reports, records, notes, correspondence, memoranda, summaries and/or records or documentation of any kind or description relating to the medical and/or other physical or mental examination, care and/or treatment of plaintiff with regard to any alleged damages which are the subject matter of this

action and which documents or things are in the possession, custody or control of the parties to whom this request is directed and/or their attorney, investigator, adjuster, insurer and/or any other agent, employee or representative;

12.    Copies of all tax returns, if any, including but not limited to Internal Revenue Service Tax Returns and your resident state tax returns, and including attachments thereto (including but not limited to all W-2, 1099 and other forms) relative to the plaintiff for the years 1995 - Present;

13.    Any and all documents, records, writings, evidence and any thing whatsoever, which will be introduced at trial for use in direct examination, cross-examination, impeachment or any other purpose;

14.    All writings, memoranda, data and/or tangible things which relate directly or indirectly to the incident and any damages claimed in the instant action, except those things restricted by the applicable Rules of Civil Procedure;

15.    Copies of any and all records, reports and materials concerning previous accidents or incidents involving plaintiff;

16.    Copies of any and all documents, materials and things referenced in your answers to Defendant's Interrogatories;

17.    All documents, writings, correspondence, records and information not otherwise requested in Requests 1 through 16, inclusive, which is contained in the files of the parties to whom this request is directed, and/or those parties' attorney,

investigator, adjuster, insurer and/or other employee, agent, or representative, and which is not insulated from discovery by the Rules of Civil Procedure.

GALLAGHER, ROWAN & EGBERT, P.C.

By: _____

JESSICA E. GENSLER LIPPY, ESQUIRE
PAUL F.X. GALLAGHER, ESQUIRE
Attorneys for Defendant Amtrak

Date: August 25, 2006

**105.015**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK TURULSKI, SR. | CIVIL ACTION |
| Plaintiff | |
| vs. | NO. 06-245 (GMS) |
| AMTRAK | JURY TRIAL DEMANDED |
| Defendant | 12 JURORS REQUESTED |

## CERTIFICATE OF SERVICE

I, Jessica E. Gensler Lippy, Esquire, as attorney for the Defendant, Amtrak, hereby certify that I did serve a true and correct copy of **Amtrak's Document Requests Addressed to Plaintiff** at the name and address as appears below, via United States Postal Service, first-class, postage prepaid mail on the August 25, 2006:

> Mark Turulski, Sr.
> PO Box 3145
> Wilmington, DE 19804-3145

GALLAGHER, ROWAN & EGBERT, P.C.

By: _____

JESSICA E. GENSLER LIPPY, ESQUIRE
Attorney for Defendant Amtrak
SILVERSIDE CARR EXECUTIVE CENTER
501 SILVERSIDE ROAD
SUITE 94
WILMINGTON, DE 19809
(302) 798-2779
DSB #4426

105.015

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK TURULSKI, SR.<br><br>Plaintiff<br><br>vs.<br><br>AMTRAK<br><br>Defendant | CIVIL ACTION<br><br>NO. 06-245<br><br><br><br>JURY TRIAL DEMANDED<br>12 JURORS REQUESTED |

### NOTICE OF SERVICE

I, Jessica E. Gensler Lippy, Esquire, attorney for Defendant Amtrak, hereby provide notice that service of a true and correct copy of DEFENDANT AMTRAK'S INTERROGATORIES AND DOCUMENT REQUESTS ADDRESSED TO PLAINTIFF, was made on August 25, 2006 via first class mail, postage prepaid to Plaintiff as follows:

> Mark Turulski, Sr.
> P.O. Box 3145
> Wilmington, DE 19804-3145

with a copy of this Notice of Service to be served upon Plaintiff, Mark Turulski, Sr., on today's date, via first class mail, postage prepaid.

> GALLAGHER & ROWAN, P.C.
> Attorneys for Defendant Amtrak

Dated: November 28, 2006

By:/s/Jessica E. Gensler Lippy
JESSICA E. GENSLER LIPPY, ESQUIRE
Attorney I.D. No. 4426
Silverside Carr Executive Center
501 Silverside Road, Suite 94
Wilmington, DE 19809
(302) 798-2779