**105.015**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARK TURULSKI, SR. | | CIVIL ACTION |
| | Plaintiff | |
| vs. | | NO. 06-245 |
| AMTRAK | | |
| | Defendant | JURY TRIAL DEMANDED |
| | | 12 JURORS REQUESTED |

### DEFENDANT, NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK'S MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES AND ANSWERS

AND NOW, Defendant, National Railroad Passenger Corporation a/k/a Amtrak (hereinafter "Amtrak") herein files this Motion to Compel Plaintiff's Rule 26 (a) Disclosures and Compel Plaintiff's Answers to Interrogatories and Response to Request for Production of Documents, and in support thereof avers the following:

1.      Plaintiff brought the instant lawsuit against the Defendants to recover for injuries allegedly sustained by Plaintiff after he was arrested for attempting to steal property from Amtrak. Plaintiff alleges he was caused mental and physical pain and anguish when he was handcuffed. (Exhibit A, Plaintiff's Complaint)

2.      On April 25, 2006, Amtrak sent Plaintiff a Correspondence Requesting his Rule 26 Disclosures and noting he could bring same to his deposition if he chose. (Exhibit B)

3.      On May 11, 2006, Amtrak sent a correspondence to Plaintiff re-requesting Rule 26 disclosures and reminding Plaintiff to bring same to his deposition. (Exhibit C).

4.      On May 23, 2006, Plaintiff appeared at his deposition without his Rule 26(a)

Disclosures.   On that date he was reminded of his obligation.

5.     On August 25, 2006, Defendants served Interrogatories and Request for Production of Documents on Plaintiff.  (Exhibit D)

6.     On November 28, 2006 Defendants sent an additional follow up letter to Plaintiff indicating that if answers were not received within 5 days a Motion to Compel would be filed.  (Exhibit E).

7.     On April 14, 2006, Defendant sent 1 HIPAA authorization for release of Plaintiff's records from Wilmington Veteran's Medical Center.  (Exhibit F).

8.     On May 11, 2006, Defendant sent a correspondence to Plaintiff following up on status of executed HIPAA authorization.  (Exhibit C).

9.     On July 24, 2006, Defendant retained Document Reproduction Services to obtain the records of 15 of Plaintiff's providers, employers and education records. Plaintiff was advised of this request and was requested to sign HIPAA authorization at this time.  (Exhibit G).

10.    On November 17, 2006, Defendant sent a follow up to Document Reproduction Services inquiring as to the status of 15 HIPAA authorizations, and were advised no executed authorization had been received from Plaintiff.  (Exhibit H).

11.    On December 1, 2006, Plaintiff left a telephone message for Defense counsel in response to various correspondence from Defense counsel, indicating that Plaintiff believed he had given a list of witnesses and would only provide a list of people who he intended to subpoena.  Plaintiff did not leave a phone number and the last phone number

2

given to defense counsel has been disconnected, so counsel had no way other way to reach Plaintiff to advise that a Motion to Compel would be filed in light of his non-compliance.

12.    To Date Plaintiff's Rule 26 (a) Disclosures, Plaintiff's Answers to Interrogatories and Plaintiff's Response to Request for Production of Documents; and executed HIPAA authorizations have not been provided.

13.    Plaintiff has not filed a Protective Order nor made any apparent attempt to provide requested information to Defense counsel.

14.    Defendant has supplied the Plaintiff with Rule 26(a) Disclosures and no additional discovery has been requested by Plaintiff.

15.    Amtrak will be unfairly prejudiced in that it will not be able to defend against Plaintiff's claims if it is not given the opportunity to review and obtain Plaintiff's discovery responses and documents pertaining to Plaintiff.

16.    Discovery in this matter ends January 19, 2007.

WHEREFORE, Amtrak requests that this Court grant the attached order compelling Plaintiff to provide answers to discovery as outlined above.

**GALLAGHER & ROWAN, P.C.**

By:/s/Jessica E. Gensler Lippy
JESSICA E. GENSLER LIPPY, ESQUIRE
DSB #4426
PAUL F. X. GALLAGHER, ESQUIRE
Attorney for Defendant Amtrak
SILVERSIDE CARR EXECUTIVE CENTER
501 SILVERSIDE ROAD
SUITE 94
WILMINGTON, DE 19809
(302) 798-2779

DATE:    December 5, 2006

105.015

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARK TURULSKI, SR. | | CIVIL ACTION |
| | Plaintiff | |
| vs. | | NO. 06-245 |
| AMTRAK | | |
| | Defendant | JURY TRIAL DEMANDED |
| | | 12 JURORS REQUESTED |

### ORDER

On this _____ day of _____, 2006, it is hereby ORDERED AND DECREED that Amtrak's Motion to Compel Plaintiff's Rule 26 (a) Disclosures and Compel Plaintiff's Answers to Interrogatories and Response to Request for Production of Documents; and Plaintiff's executed HIPAA authorizations is GRANTED.

It is FURTHER ORDERED that:

1)    Plaintiff must provide Rule 26(a) Disclosures; Answers to Interrogatories and Response to Request for Production of Documents; and executed HIPAA authorizations within 10 days of the date of this Order.

2)    Failure to provide the above items will result in Plaintiff's case being dismissed.

BY THE COURT

_____
                                                    J.

# EXHIBIT A

In the superior court for the state of Delaware in and for new castle county,

Mark Turelski's r
Plaintiff
v.
amtrack
defendant

Complaint

1. Plaintiff is a U.S. citizen and a citizen of the state of Delaware where the things where done to him by defendant

2. defendant amtrak corporate offices is 60 massachusetts ave, north east washington D.C. 20002.

3. on or about 4-20-04 defendant did the following causing mental, physical pain and anguish ect. loss of life span, ect. the court of common pleas, case number is 04030366 and was dismissed and that this was in my full arrest ect. and that defendant namely officer yorkin because of prejudice and discrimination in that plaintiff was put in the cell behind the bars with the handcuffs behind his back on his wrist and hands so tight that his left wrist was bleeding and left there for app 8 hours

and that Wilmington police officer
cpl. dep Velasquez said I am not
supposed to do this because you are
not in my custody but I am going
to take them cuffs off and he did
and more than likely saved my life
I was about to have a stroke.
I have to thank him for that and as
a former petty officer and merchant police
myself I believe he should be congratulated
and promoted for this. I am also a partly
disabled and decorated Vet - Naseem Veliedon
and this was done to me in time of war
in my state and country. Shortly thereafter
my release I had an appointment at
the Wilmington, Delaware VA Hospital
and my doctor notice and increase in my
blood pressure and put me on a different
types of blood pressure medication for
the first time and that I never had
a blood pressure problem before this
happened and that because of this my
my life-expectancy has been
decreased.

and that these actions by
the defendant are a Violation
of my and or our United States
of america constitional rights
including articial VIII and IX
of my and or our United States
Bill of Rights and that said articial
VIII say "cruel and unusual
Punishment is forbiden" etc.
therefor Plaintiff ask the court
to award the Plaintiff $30,000,000.00
dollers acrued with interest.

However if defendant pays to
Plaintiff $3,000,000.00 on or before
10-10-06 the matter is to be
considred settled and justice has
Prevailed.

Plaintiff
Mark Tuneski Sr
6 Brookside Drive
opt A
Wilmington, DE, 19804

Tel (302) 777-1077

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

PRAECIPE

Mark Turulskisr
Plaintiff
vs,

amtrack

Defendant

)
)
)
)
)
)          Civil Action No.
)
)
)
)
)

REGIONAL DIRECTOR
CLAIMS SERVICES

MAR 2 7 2006

PHILADELPHIA, PA
Via Fed Ex Rc

RECEIVED
Amtrak
MAR 2 0 2006
2006-00343
ALICIA M. SERRATY
GENERAL COUNSEL AND
CORPORA...

Please issue _____

amtrack
corporate offices
60 massachusetts ave
North East
Washington D.C.
20002

Mark Turulskisr
Plaintiff
Address 6 Brookside prive
apt A Wilmington
Delaware 19805
Phone _____

Tel.
(302) 9063918
(202) 4847540

(302) 777-1077

TO:   Prothonotary

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY:   N   K   S

CIVIL ACTION NUMBER: _____

Civil Case Code _C P I_ *n*

Civil Case Type _Personal Injury_

(SEE REVERSE SIDE FOR CODE AND TYPE)

**Caption:**

_Mark Temabbish_

_vs._

_amtrak_

_____

_____

_____

**Name and Status of Party filing document:**

_____

**Document Type:** (E.G.; COMPLAINT; ANSWER WITH COUNTERCLAIM)

_____

Non-Arbitration ___          eFile ___
(CERTIFICATE OF VALUE MAY BE REQUIRED)

Arbitration ___   Mediation ___   Neutral Assessment ___

DEFENDANT (CIRCLE ONE)   **ACCEPT   REJECT**

JURY DEMAND   Yes ___   No ___

TRACK ASSIGNMENT REQUESTED (CIRCLE ONE)

**EXPEDITED   STANDARD   COMPLEX**

**ATTORNEY NAME(S):**

_Mark Temabbish_

**ATTORNEY ID(S):**

**FIRM NAME:**

_6 Brookside raul_

**ADDRESS:**

_apt A Wilmington_

_delaware / 9.80 C_

**TELEPHONE NUMBER:**

**FAX NUMBER:**

**E-MAIL ADDRESS:**

IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS

_____

EXPLAIN THE RELATIONSHIP(S):

_____

_____

OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:

_____

(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE)

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 9/2003

**Superior Court Form 30**
In accordance with Superior Court Civil Rule 5(b)(1)

**Form 30,    Interrogatories to be answered by a personal injury litigation party.**

1. Give the name and present or last-known residential and employment address and telephone number of each eyewitness to the incident which is the subject of the litigation.

   *Cpl. Alex Velanguery*

   *Wilmington, Delaware Police Department*

   *300 a with Walnut St. - Wilmington, DE 1980/*

   *Tel. (302) 571-4525*

2. Give the name and present or last-known residential and employment address and telephone number of each person who has knowledge of the facts relating to the litigation.

   *Officer Fonkin amtrak police 200 S. Franklin*

   *st. Wilmington, DE 19801    Tel (302) 429.6512*

   *Robert Black 612 Brookside acres, Wilmington, DE*

   *Note: the above are all eyewitness    198c*

3. Give the names of all persons who have been interviewed in connection with the above litigation, including the names and present or last-known residential and employment addresses and telephone numbers of the persons who made said interviews and the names and present or last-known residential and employment addresses and telephone numbers of persons who have the original and copies of the interview.

   _____

   _____

   _____

4. Identify all photographs, diagrams, or other representations made in connection with the matter in litigation, giving the name and present or last-known residential and employment address and telephone number of the person having the original and copies thereof. (In lieu thereof, a copy can be attached.)

   _____

   _____

   _____

5.  Give the name, professional address, and telephone number of all expert witnesses presently retained by the party together with the dates of any written opinions prepared by said expert. If an expert is not presently retained, describe by type the experts whom the party expects to retain in connection with the litigation.

    _____

    _____

    _____

6.  Give a brief description of any insurance policy, including excess coverage, that is or may be applicable to the litigation, including:

    a)  The name and address of all companies insuring the risk;

        _____

        _____

    b)  The policy number(s); _____

    c)  The type of insurance; _____

    d)  The amounts of primary, secondary, and excess coverage. _____

        _____

7.  (Additional interrogatory to be answered by a personal injury litigation plaintiff only) Give the name, professional address, and telephone number of all physicians, chiropractors, psychologists, and physical therapists who have examined or treated you at any time during the ten year period immediately prior to the date of the incident at issue in this litigation.

    Doctor Ying  400 Kirswood Hwy
    Doctor _____
    Wilmington, Delaware
    Tel (302) 994 2511

    c/o V. A. Hospital
    Wilmington, Delaware

    Mark Tumelleri Sr.
    6 Brookside sure
    apt A
    Wilmington, Delaware
    19804

MAR. 4, 2006 1:39PM    AMTRAK CLAIMS    GALLAGHER ROWAN & EGBERT    NO. 475    P. 6

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

**SUMMONS**

Mark Tunulski SR

)  CA No.
)
)
Plaintiff,          )
)
)  **SUMMONS**
)
)
Defendant.          )
)

*amtrack*

THE STATE OF DELAWARE,
TO THE SHERIFF OF    COUNTY:
YOU ARE COMMANDED:

To summon the above named defendant so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon whose address is                              an answer to the complaint (and, if the complaint contains a specific notation requiring the defendant to answer any or all allegations of the complaint by affidavit, an affidavit of defense).

To serve upon defendant a copy hereof and of the complaint.

Dated:

**SHARON AGNEW**
*Prothonotary*

_____
**Per Deputy**

TO THE ABOVE NAMED DEFENDANT:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint (and, if the complaint contains a specific notation requiring the defendant to answer any or all allegations of the complaint by affidavit, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint.

**SHARON AGNEW**
*Prothonotary*

_____
**Per Deputy**

Rev. 02/2002

In the Superior Court
for the State of Delaware in and for
New castle county

Mark Turulski son
Plaintiff

)
)   civil action No,
)
)

amtrack
Defendant

)

The summons shall be the same as the praecipe
and notice of service will be sent by regular mail
on this date to amtrak - corporate offices 60
massachusetts ave. NorthEast Washington, D.C. 20002
and to Wilmington police 300 north walnut street
Wilmington, Delaware 19801 namely cpl alex Velazquez
a witness also to alberto Gonzales U.S. Department of
Justice 950 Penna ave. northwest - Washington, D.C.
20053
and to a representative of amtrack
officer Larkin of amtrack police the person who
did the ticket to me address 200 South French st
Wilmington, Delaware 19801 - Tel (302) 429-6512

dated 7-16-06

amtrack
corporate offices
60 massachusetts ave
NorthEast Washington. D.C.
Tel (202)           20002
(702) 484/254 906391802

Please note
service will be
given to Robert
Beatl 6 Brookside
Drive
Wilmington DE 19804
another witness to
this matter

In the superior court for the state
of Delaware in and for new castle
County

Mark Turulski sr )
    Plaintiff )
        )    civil action no.
    v. )
        )
amtrack )
        )
    Defendant )


notice of service by me by regular mail this date
to defendant amtrack - corporate offices 60 Massachu-
setts ave, N East washington, offices 60 Massachu-
will be sent to U.S. attorney General alberto Tel.(202) 353-155 0
os angeles ry.s. Department of Justice 950 penna ave
North West washington D.C. 20053 also to
Wilmington police 300 north walnut street, wilming
Delaware 19801 and nowley cpl. alep Velazquez ja
witness and its officer Larkin
a representative of amtrack the        dated 4-16-06
a person who did these
theings to me                          Mark Turulski sr
                                        Plaintiff
amtrack police
200 south french st.                   6 Brookside drive
wilmington Delaware                    aot A wilmington,
19801 T-el (302) 429 6572              Delaware 19804
                            T-el. (302) 777-1655

# EXHIBIT B

# GALLAGHER, ROWAN & EGBERT, P.C.

ATTORNEYS AT LAW

SILVERSIDE CARR EXECUTIVE CENTER

501 SILVERSIDE ROAD, SUITE 94

WILMINGTON, DE  19809

(302) 798-2779

FAX (302) 798-2780

PAUL F. X. GALLAGHER+
MAUREEN ROWAN*
JAMES E. EGBERT‡

BENJAMIN N. GIALLORETO*
JESSICA E. GENSLER LIPPY ±
ANA R. AMARANTE#
JOHN C. PORTER+
PAUL A. GALLAGHER*
KEVIN M. DURKAN+

\* MEMBER OF PA BAR
+ MEMBER OF PA & NJ BAR
‡ MEMBER OF PA, NJ & NY BAR
± MEMBER OF PA, NJ & DE BAR
# MEMBER OF PA, NJ, NY & FL BAR

SUITE 1600
1500 WALNUT STREET
PHILADELPHIA, PA 19102
(215) 732-8900
FAX (215) 732-8999

304 HARPER DRIVE
SUITE 103
MOORESTOWN, NJ 08057
(856) 608-9020
FAX (856) 608-0625

ONE JENKINTOWN STATION
115 WEST AVENUE
SUITE 108
JENKINTOWN, PA 19046-2031
(215) 887-4609
FAX (215) 887-4604

OUR FILE NO: 105.015

April 25, 2006

Mr. Mark Turulski, Sr.
6 Brookside Drive
Apartment A
Wilmington, DE   19804

Re:   Mark Turulski, Sr. v. AMTRAK
      United States District Court for the District of Delaware
      Civil Action No. 1:06-cv-00245 UNA

Dear Mr. Turulski:

In accordance with the Rules of Civil Procedure, you are required to produce to my attention the names and addresses of any persons likely to have any information that bears significantly on the claims and defenses concerning this action.  You are also required to produce all documents or tangible things in your possession which bear significantly on the claims and defenses.  This is pursuant to Federal Rule of Civil Procedure 26.  In lieu of producing this information at this time, you may bring same to your deposition, which will be scheduled within the next thirty to sixty days.

Please feel free to contact me should you have any questions in this regard.

Very truly yours,

Jessica E. Gensler Lippy

JEGL/cab

EXHIBIT C

# GALLAGHER, ROWAN & EGBERT, P.C.

ATTORNEYS AT LAW

PAUL F. X. GALLAGHER+
MAUREEN ROWAN*
JAMES E. EGBERT‡

BENJAMIN N. GIALLORETO*
JESSICA E. GENSLER LIPPY ±
ANA R. AMARANTE#
JOHN C. PORTER+
PAUL A. GALLAGHER*
KEVIN M. DURKAN+

\* MEMBER OF PA BAR
+ MEMBER OF PA & NJ BAR
‡ MEMBER OF PA, NJ & NY BAR
± MEMBER OF PA, NJ & DE BAR
# MEMBER OF PA, NJ, NY & FL BAR

SILVERSIDE CARR EXECUTIVE CENTER
501 SILVERSIDE ROAD, SUITE 94
WILMINGTON, DE  19809
(302) 798-2779
FAX (302) 798-2780

SUITE 1600
1500 WALNUT STREET
PHILADELPHIA, PA 19102
(215) 732-8900
FAX (215) 732-8999

304 HARPER DRIVE
SUITE 103
MOORESTOWN, NJ 08057
(856) 608-9020
FAX (856) 608-0625

ONE JENKINTOWN STATION
115 WEST AVENUE
SUITE 108
JENKINTOWN, PA 19046-2031
(215) 887-4609
FAX (215) 887-4604

OUR FILE NO: 105.015

May 11, 2006

Mr. Mark Turulski, Sr.
6 Brookside Drive
Apartment A
Wilmington, DE  19804

Re:   Mark Turulski, Sr. v. AMTRAK
      United States District Court for the District of Delaware
      Civil Action No. 1:06-cv-00245 UNA

Dear Mr. Turulski:

Pursuant to my correspondence to you dated May 5, 2006, kindly advise whether you are available for deposition on May 23, 2006, at 11:00 a.m. at my Wilmington, Delaware office, as indicated in the Notice.

Pursuant to my correspondence to you dated April 25, 2006, please be reminded, pursuant to Federal Rule of Civil Procedure 26, to bring with you to the deposition the names and addresses of any persons who have information regarding your claims, or the defenses thereto.  In the alternative, you may provide same to me prior to the deposition.

Lastly, please return at this time the previously forwarded HIPAA compliant medical authorization so that we may obtain your records for treatment. For your convenience, another copy of the authorization is enclosed.

Thank you for your anticipated courtesy and attention herein.

Very truly yours,

Jessica E. Gensler Lippy

JEGL/cab/Enclosure

EXHIBIT D

**105.015**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARK TURULSKI, SR. | | CIVIL ACTION |
| | Plaintiff | |
| vs. | | NO. 06-245 (GMS) |
| AMTRAK | | |
| | Defendant | JURY TRIAL DEMANDED |
| | | 12 JURORS REQUESTED |

## DEFENDANT, AMTRAK'S INTERROGATORIES
## ADDRESSED TO PLAINTIFF

TO:  Mr. Mark Turulski, Sr.
PO Box 3145
Wilmington, DE 19804-3145

These Interrogatories are to be answered pursuant to the Rules of Civil Procedure within thirty (30) days of service.  Use additional sheets of paper to answer these interrogatories if necessary.

These Interrogatories are continuing and any information secured subsequent to the filing of your Answers, which would have been includable in the Answers had it been known or available, is to be supplied by Supplemental Answers.

The Interrogatories request information known to you or anyone acting on your behalf.

If a minor plaintiff is involved, the following Interrogatories where applicable, are to be answered with reference to said minor.

Any gaps in numbering should be disregarded.

"Incident" shall be defined as the factual allegations that form the basis for

Plaintiff's Complaint.

## INTERROGATORIES

1.    Identify each person who (1) was a witness to the incident through sight or hearing and/or (2) has knowledge of facts concerning the happening of the incident or conditions or circumstances at the scene of the incident prior to, after, or at the time of the incident.

    a.    With respect to each person identified in the answer to this Interrogatory, state that person's exact location and activity at the time of the incident.

    b.    With respect to each person identified in the answer to this Interrogatory, state that person's home address and phone number.

2.    If, at the time of the incident(s), or subsequent thereto, any of the persons listed in the preceding interrogatories were or are relatives, acquaintances, agents, employees or representatives of any party to this action, state the nature of such association as to each person.

3.    List the names and addresses, both residence and business of all persons whom you intend to call as witnesses at the trial of this case.

4.    At any time after the accident or incident described in the Complaint, were you aware of any conversation whatsoever relating to the incident. If so, identify all parties involved in the conversation, when each conversation took place, the substance at the time. If the conversation was noted by anyone describe the note in detail, attach a copy to the answers and give the name, address and occupation of the custodian of the documents.

5. Have you, or any person acting for you or your representative, spoken to any person who had any relevant information concerning the incident described in the Complaint? If so, state the following:

    a. The names of those involved in the conversation;

    b. The dates of each conversation;

    c. A recital of what was stated by each party to each conversation;

    d. If the conversation was memorialized in writing, attach a copy of said writing and give the name and address of the custodian of the original of said writing.

6. State the name and the address of each person whom you expert to call as an expert witness at trial and state the subject matter on which the expert is expected to testify.

    a. For each such expert, have the expert state the substance of the facts and opinions to which the expert is expected to testify and summarize the grounds for each such opinion;

    b. Set forth the qualifications of each expert, listing the schools attended, years of attendance, degrees received, and experience in any particular field of specialization or expertise;

    c. State each expert's age, residence and business address;

    d. State the name and address of his present employer or if self-employed, the name and address of the business and his occupation;

e.    State the name and address of every person or firm for the last ten (10) years and a detailed description of all duties at each place of employment; if the expert was self-employed, state specifically and in detail the description of his duties and responsibilities.

7.    For all expert witnesses identified in Interrogatory 9, please state the following:

a.    Whether the facts and opinions to which he is expected to testify are contained in a written report, memorandum or other transcript and if they are, give the name and address of the present custodian of same and state whether you will produce same without the necessity of a Motion;

b.    If the opinion of any expert listed above is based in whole or in part on any scientific rule of principle, set forth the said rule or principle;

c.    If the opinion of any expert listed above is based in whole or in part upon any code, regulation, standard and specifically set forth the section relied upon;

d.    If the opinion of any expert listed above is based in whole or in part upon any scientific or engineering textbook or other publication, identify said text or publication;

e.    If the expert has testified in Court or by way of oral deposition within the past ten (10) years describe the Court involved. date of testimony and identity of attorney calling expert as a witness

8.    Have you given any statement as defined by the Rules of Civil Procedure concerning this action or its subject matter?

If so, identify:

     a.     Each person to whom a statement was given;

     b.     When and where each statement was given;

     c.     Any person who has custody of any such statements that were reduced to writing or otherwise recorded.

9.     State in detail each and every of the injuries or diseases that you allege that you have suffered as a result of the incident referred to in the Complaint.

10.     If you received medical treatment or examinations (including x-rays) because of injuries or diseases you suffered as a result of the incident, identify:

     a.     Each hospital at which you were treated or examined.

     b.     The dates on which each such treatment or examination at a hospital was rendered and the charges by the hospital for each.

     c.     Each doctor or practitioner by whom you were treated or examined.

     d.     The dates on which each such treatment or examination by a doctor or practitioner was rendered and e charges for each.

     e.     All reports regarding any medical treatment or examination, setting forth the author and date of such reports.

11.     If you have incurred any bills or expenses in connection with the injuries or diseases which you have suffered because of the incident referred to in the Complaint, and such bills and expenses are not otherwise listed in answer to these Interrogatories, set forth the amount for each such bill or expense, the service for which the bill or expense was incurred. and the identity of the

person who rendered the bill or who was involved in the expense.

12. Describe any pain, ailment, complaint, injury, condition, or disability that you presently have as a result of the incident here involved.

13. State whether you are still under treatment for the injuries or conditions alleged to have been sustained in the incident involved in this action. If so, state the name and address of the person who last treated or examined you for the injuries with date and place where treated or examined.

14. Either prior to or subsequent to the incident referred to in the Complaint, have you ever suffered any injuries or diseases in those portions of your body claimed by you to have been affected by the incident referred to in the Complaint?

    If so, identify:

    a. The injuries or diseases you suffered;

    b. The date and place of any incident, if such an injury or disease was caused by an incident;

    c. All hospitals, doctors or practitioners who rendered treatment or examination because of any such injuries or diseases;

    d. Anyone against whom a claim was made, and the Court term and

number of any claim or lawsuit that was filed in connection with any such injuries or diseases;

e.  If a claim and/or lawsuit was brought by you pertaining to said impairment, describe the person and/or company against whom the claim was made, the manner in which the claim was made, and if a lawsuit was involved, the Court term and number of said suit.

15.  Aside from the accidents or incidents mentioned above, have you been involved in any other accidents or incidents in which you sustained damages and/or injuries. If so, state the nature of the incident, the place and date on which it occurred, the names and addresses of all persons involved, the injuries and impairments sustained by you and the Court term and number, if any lawsuits commenced as a result thereof.

16.  If you allege that the incident here involved aggravating a pre-existing condition, state whether you have recovered from said condition at the time of the incident and describe in detail all treatment which had been received by you for said pre-existing condition with the names and addresses of all doctors and hospitals involved with dates of medical care.

17.  State whether you have applied for or received any unemployment compensation benefits since the accident, and if so, the amounts received and the period covered by the payments.

18.  At the time of the incident, what was the nature of your employment and/or occupation? Describe your usual duties and labors.

19.    For the period of ten years immediately preceding the date of the incident referred to in the Complaint, state:  (Standard Interrogatory)

    a.    The names and address of each of your employers or, if you were self-employed during that period, each of your business addresses and the names of the business while self-employed;

    b.    The date of commencement and termination of each of your periods of employment or self-employment;

    c.    A detailed description of the nature of your occupation in each employment or self-employment;

    d.    The amount of income from employment and self-employment for each year.  (Attach your Federal Income Tax Return for each year)

20.    If you have engaged in one or more gainful occupations subsequent to the date of the incident referred to in the Complaint, state:

    a.    The name and address of each of your employers or, if you were self-employed, each of your business addresses and the name of the business while self-employed;

    b.    The dates of commencement and termination of each of your periods of employment or self-employment;

    c.    A detailed description of the nature of your occupation in each employment or self-employment;

    d.    The wage, salary or rate of earnings received by you in each employment or self-employment.  (Attach your Federal Income Tax Return for each subsequent to the accident);

    e.    The dates of all absences from your occupation resulting from the

injuries and diseases suffered in this accident. Set forth the amount of any earnings or other benefits lost by you because of such absences.

21.  State whether, as a result of the incident, you have been unable to perform any of your customary occupational duties or social or other activities in the same manner as prior to the incident, stating with particularity (a) the duties and/or activities you have been unable to perform, and (b) the periods of times you have been unable to perform, and (c ) the names and last known addresses of all persons having knowledge thereof. (Standard Interrogatory).

22.  If you are claiming loss of earnings or earning power as a result of the incident, state the total amount of such loss and show in detail how the amount of the alleged loss was computed.

23.  State your full name, any other names or nicknames you have been known by, your address, Social Security number, Blue Cross and Blue Shield numbers, Veteran's Claim number and the name of any health and accident insurance company covering any injuries named.

24.  State the name of any hospitalization or Workmen's Compensation Insurance Company, welfare fund, beneficial association or any other entity covering any injuries or losses sustained as a result of the incident involved in this case, or any prior or subsequent accident, injury, illness or disability.

25. Prior to the current action, have you ever filed a Complaint in any Court or Administrative Office for a violation of your civil rights, your constitutional rights, wrongful arrest, cruel and unusual punishment, physical abuse or discrimination. If so, describe in what Court or Administrative Office, when, against whom, and the facts underlying the Complaint.

26. Have you ever been convicted of a crime. If so, provide the crime convicted of and the Court wherein the conviction took place.

27. Describe in detail under whose authority or permission you were removing material from Amtrak property when you were met by Officer Larkin of the Amtrak Police Department. Provide documentary proof thereof. If under no authority, state so.

28. Describe in detail what you intended to do with the materials you were removing from Amtrak property when you were met by Officer Larkin of the Amtrak Police Department.

29. Did you, Mr. Blatt, or Amtrak own the material you were removing from Amtrak property when you were met by Officer Larkin of the Amtrak Police Department.

30. Identify each person to whom you complained of cruel and unusual punishment during the course of the alleged cruel and unusual punishment. Describe in detail your conversation with each person.

31. Identify including but not limited to the telephone number and address of the individual or company who owned the truck you and Mr. Blatt were using to load the material you were removing from Amtrak property when you were met by Officer Larkin of the Amtrak Police Department.

GALLAGHER, ROWAN & EGBERT, P.C.


By: _____
    PAUL F.X. GALLAGHER, ESQUIRE
    Attorney for Defendant Amtrak

Date: August 25, 2006

**105.015**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK TURULSKI, SR. | CIVIL ACTION |
| Plaintiff | |
| vs. | NO. 06-245 (GMS) |
| AMTRAK | JURY TRIAL DEMANDED |
| Defendant | 12 JURORS REQUESTED |

### CERTIFICATE OF SERVICE

I, Jessica E. Gensler Lippy, Esquire, as attorney for the Defendant, Amtrak, hereby certify that I did serve a true and correct copy of **Amtrak's Interrogatories Addressed to Plaintiff** at the name and address as appears below, via United States Postal Service, first-class, postage prepaid mail on the August 25, 2006:

Mark Turulski, Sr.
PO Box 3145
Wilmington, DE 19804-3145

GALLAGHER, ROWAN & EGBERT, P.C.

By: _Jessica E Lippy_

JESSICA E. GENSLER LIPPY, ESQUIRE
Attorney for Defendant Amtrak
SILVERSIDE CARR EXECUTIVE CENTER
501 SILVERSIDE ROAD
SUITE 94
WILMINGTON, DE 19809
(302) 798-2779
DSB #4426

Date: August 25, 2006

**105.015**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK TURULSKI, SR. | CIVIL ACTION |
| Plaintiff | |
| vs. | NO. 06-245 (GMS) |
| AMTRAK | |
| Defendant | JURY TRIAL DEMANDED |
| | 12 JURORS REQUESTED |

## DEFENDANT, AMTRAK'S DOCUMENT REQUESTS
## ADDRESSED TO PLAINTIFF

TO:  Mr. Mark Turulski, Sr.

PO Box 3145

Wilmington, DE 19804-3145

## INSTRUCTIONS

These requests are made pursuant to the Federal Rules of Civil Procedure. Your written responses, as well as all documents and things requested hereby are required to be served at SILVERSIDE CARR EXECUTIVE CENTER, 501 SILVERSIDE ROAD, SUITE 94 IN WILMINGTON, DE 19809 within thirty (30) days.

The word "document(s)" means both writings and any compilation or data which may be in your actual or constructive possession, or in the actual or constructive possession of your counsel, or in the actual or constructive possession of any of your insurance carriers and/or their representatives or in the actual or constructive possession of any of your other representatives.

These requests are deemed to be continuing in nature, so that further or more complete later responses are required of you within five (5) calendar days after your later knowledge of the existence of which other documents as are not referenced by your presently written response. These requests for production

relate to any and all information known to you, your counsel, any insurance carrier and/or its other representatives, any outside investigation and/or any person with whom you or your counsel have communicated about this matter.

If you opine or contend in your written response each such document or thing designated (or part thereof) in any response hereto is not subject to production pursuant to the rules of discovery or any other reason, please state:

1.    the nature of each such document or thing (or part thereof) that you will not produce; and

2.    the basis for your unwillingness to produce (or otherwise make available for copying) each such document or thing (or part thereof).

## REQUESTS

1.    Any and all statements concerning the above captioned action or its subject mater including, but not limited to, those previously made by the parties to whom this request is directed, or by the party by whom this request is made, his, her or their employees, servants, agents and/or representatives or by any other party or parties their employees, servants, agents and/or representatives, or by any witnesses or witnesses, including any and all written statements signed or otherwise adopted or approved by the person(s) making the statement, as well as any and all stenographic, mechanical, electrical and/or other recordings, or transcriptions which are substantially verbatim recitals of any and all oral statements by the person(s) making the said statement(s), and contemporaneously recorded;

2.    Any and all reports, notes, memoranda, summaries and/or records of any kind or description relating to any and all interviews of any and all parties and witnesses(es) made by an investigator, adjuster, insurer and/or any other agent or representative of the parties to whom this request is directed, other than their attorney;

3.    Any and all investigative reports, notes, memoranda, summaries and/or records of any kind or description concerning the above-captioned action or its subject matter, prepared, obtained, or otherwise in the possession, custody or control of the parties to whom this request is directed, and/or their attorney, investigator, adjuster, insurer and/or any other agent or representative excluding only that non-discoverable or privileged material as more particularly specified in the Rules of Civil Procedure;

4.    Any and all documents containing the names and home and business addresses of any and all individuals contacted as potential fact witnesses;

5.    Copies of any and all reports, correspondence, memoranda, notes, documents and writings rendered by any expert witnesses employed or consulted by plaintiff.  Said request is inclusive of, but not limited to, any and all reports prepared by each such expert during the course of the engagement by the plaintiff dealing with any factual issue involving the case, any and all facts and data which have been reviewed by said expert, and any and all opinions which he or she has rendered;

6.    Any and all bills, reports, notes, memoranda, summaries and/or records of any kind or description relating directly or indirectly to any and all damages or

losses claimed by the plaintiff to have been sustained and alleged to be resulting from the alleged occurrences or conditions as set forth in plaintiffs' Complaint;

7.     Copies of any and all documents, supporting all pecuniary losses and damages alleged to have been suffered by plaintiff;

8.     Copies of any and all documents supporting plaintiff's claims for damages in this action by reason of the injuries alleged to have been sustained by plaintiff relating to any claims for lost earnings and/or lost earning capacity and all other financial losses alleged to have been sustained as a result of the injuries;

9.     Any and all photographs, videos, films or other visual or audiovisual materials concerning the above captioned action or its subject matter prepared, obtained or otherwise in the possession, custody and control of the parties to whom this request is directed, and/or their attorney, investigator, adjuster, insurer and/or any other employee, agent or representative;

10.     Any and all drawings, maps, diagrams or other depictions concerning the above captioned action or its subject matter prepared, obtained, or otherwise in the possession, custody and control of the parties to whom this request is directed and/or their attorney, investigator, adjuster, insurer and/or any other employee, agent or representative;

11.     Any and all bills, reports, records, notes, correspondence, memoranda, summaries and/or records or documentation of any kind or description relating to the medical and/or other physical or mental examination, care and/or treatment of plaintiff with regard to any alleged damages which are the subject matter of this

action and which documents or things are in the possession, custody or control of the parties to whom this request is directed and/or their attorney, investigator, adjuster, insurer and/or any other agent, employee or representative;

12.    Copies of all tax returns, if any, including but not limited to Internal Revenue Service Tax Returns and your resident state tax returns, and including attachments thereto (including but not limited to all W-2, 1099 and other forms) relative to the plaintiff for the years 1995 - Present;

13.    Any and all documents, records, writings, evidence and any thing whatsoever, which will be introduced at trial for use in direct examination, cross-examination, impeachment or any other purpose;

14.    All writings, memoranda, data and/or tangible things which relate directly or indirectly to the incident and any damages claimed in the instant action, except those things restricted by the applicable Rules of Civil Procedure;

15.    Copies of any and all records, reports and materials concerning previous accidents or incidents involving plaintiff;

16.    Copies of any and all documents, materials and things referenced in your answers to Defendant's Interrogatories;

17.    All documents, writings, correspondence, records and information not otherwise requested in Requests 1 through 16, inclusive, which is contained in the files of the parties to whom this request is directed, and/or those parties' attorney,

investigator, adjuster, insurer and/or other employee, agent, or representative, and which is not insulated from discovery by the Rules of Civil Procedure.

GALLAGHER, ROWAN & EGBERT, P.C.

By: _____
JESSICA E. GENSLER LIPPY, ESQUIRE
PAUL F.X. GALLAGHER, ESQUIRE
Attorneys for Defendant Amtrak

Date: August 25, 2006

105.015

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK TURULSKI, SR. | CIVIL ACTION |
| Plaintiff | |
| vs. | NO. 06-245 (GMS) |
| AMTRAK | JURY TRIAL DEMANDED |
| Defendant | 12 JURORS REQUESTED |

### CERTIFICATE OF SERVICE

I, Jessica E. Gensler Lippy, Esquire, as attorney for the Defendant, Amtrak, hereby certify that I did serve a true and correct copy of **Amtrak's Document Requests Addressed to Plaintiff** at the name and address as appears below, via United States Postal Service, first-class, postage prepaid mail on the August 25, 2006:

Mark Turulski, Sr.
PO Box 3145
Wilmington, DE 19804-3145

GALLAGHER, ROWAN & EGBERT, P.C.

By: _____

JESSICA E. GENSLER LIPPY, ESQUIRE
Attorney for Defendant Amtrak
SILVERSIDE CARR EXECUTIVE CENTER
501 SILVERSIDE ROAD
SUITE 94
WILMINGTON, DE 19809
(302) 798-2779
DSB #4426

# EXHIBIT E

# GALLAGHER & ROWAN, P.C.

ATTORNEYS AT LAW

SILVERSIDE CARR EXECUTIVE CENTER

501 SILVERSIDE ROAD

SUITE 94

WILMINGTON, DELAWARE 19809

(302) 798-2779

FAX (302) 798-2780

**PAUL F. X. GALLAGHER+**
**MAUREEN ROWAN***
**BENJAMIN N. GIALLORETO***
_____
**JESSICA E. GENSLER LIPPY ±**
**RAYMOND J. HUNTER+**
**JOHN C. PORTER+**
**PAUL A. GALLAGHER***
**JENNIFER E. THOMPSON***
_____
* MEMBER OF PA BAR
+ MEMBER OF PA & NJ BAR
± MEMBER OF PA, NJ & DE BAR

**1500 WALNUT STREET**
**SUITE 1600**
**PHILADELPHIA, PA 19102**
**(215) 732-8900**
**FAX (215) 732-8999**
_____
**304 HARPER DRIVE**
**SUITE 103**
**MOORESTOWN, NJ 08057**
**(856) 608-9020**
**FAX (856) 608-0625**
_____
**OUR FILE NO:** 101.015

**EXTENSION:**

November 28, 2006

Mr. Mark Turulski
PO Box 3145
Wilmington, DE 19804-3145

> Re:  **Mark Turulski, Sr., Plaintiff pro se v. Amtrak**
> **Amtrak Case No. 100293/1-WJJ**
> **U.S.D.C./District of Delaware**
> <u>**Civil Action No. 1:06-cv-00245 UNA**</u>

Dear Mr. Turulski:

In review of my file, I note I have not yet received your Rule 26a disclosures nor have I received your answers to interrogatories and your response to our request for production of documents.

These disclosures and discovery are well overdue. If I do not receive same within five (5) days, I will be filing a motion to compel same which will seek sanctions to be imposed by the court for failure to obey the court rules.

Please feel free to contact me should you have any questions in this regard. Thank you for your anticipated courtesy and attention herein.

Very truly yours,

Jessica E. Gensler Lippy

JEGL/kam

# EXHIBIT F

# GALLAGHER, ROWAN & EGBERT, P.C.

**ATTORNEYS AT LAW**
**SILVERSIDE CARR EXECUTIVE CENTER**
**501 SILVERSIDE ROAD, SUITE 94**
**WILMINGTON, DE  19809**
(302) 798-2779
FAX (302) 798-2780

PAUL F. X. GALLAGHER+
MAUREEN ROWAN*
JAMES E. EGBERT‡

BENJAMIN N. GIALLORETO*
JESSICA E. GENSLER LIPPY ±
ANA R. AMARANTE#
JOHN C. PORTER+
PAUL A. GALLAGHER*
KEVIN M. DURKAN+

\* MEMBER OF PA BAR
+ MEMBER OF PA & NJ BAR
‡ MEMBER OF PA, NJ & NY BAR
± MEMBER OF PA, NJ & DE BAR
# MEMBER OF PA, NJ, NY & FL BAR

SUITE 1600
1500 WALNUT STREET
PHILADELPHIA, PA 19102
(215) 732-8900
FAX (215) 732-8999

304 HARPER DRIVE
SUITE 103
MOORESTOWN, NJ 08057
(856) 608-9020
FAX (856) 608-0625

ONE JENKINTOWN STATION
115 WEST AVENUE
SUITE 108
JENKINTOWN, PA 19046-2031
(215) 887-4609
FAX (215) 887-4604

OUR FILE NO:  105.015

April 14, 2006

Mr. Mark Turulski, Sr.
6 Brookside Drive
Apartment A
Wilmington, DE   19804

Re:   Mark Turulski, Sr. v. AMTRAK
_____

Dear Mr. Turulski:

As you will recall from my previous letter to you, this law firm is representing AMTRAK with regard to your Complaint filed on or around March 16, 2006, against AMTRAK with regard to your alleged arrest.

Enclosed is a HIPAA compliant authorization in duplicate, along with a stamped, return envelope. This authorization, when signed by you, will allow us to obtain your medical records for the treatment you stated you received in connection with this matter at the Wilmington Veteran's Medical Center.

Kindly sign one copy of the authorization and return it to the undersigned via the enclosed envelope provided for your convenience. You may keep one copy for your own records.

Please feel free to contact me should you have any questions in this regard. Thank you for your anticipated courtesy and attention herein.

Very truly yours,

JEGL/cab/Enclosures                    Jessica E. Gensler Lippy

# EXHIBIT G

# GALLAGHER, ROWAN & EGBERT, P.C.

**ATTORNEYS AT LAW**
**SILVERSIDE CARR EXECUTIVE CENTER**
**501 SILVERSIDE ROAD, SUITE 94**
**WILMINGTON, DE  19809**
(302) 798-2779
FAX (302) 798-2780

PAUL F. X. GALLAGHER+
MAUREEN ROWAN*
JAMES E. EGBERT‡

BENJAMIN N. GIALLORETO*
JESSICA E. GENSLER LIPPY ±
JOHN C. PORTER+
PAUL A. GALLAGHER*
KEVIN M. DURKAN+

* MEMBER OF PA BAR
+ MEMBER OF PA & NJ BAR
‡ MEMBER OF PA, NJ & NY BAR
± MEMBER OF PA, NJ & DE BAR

SUITE 1600
1500 WALNUT STREET
PHILADELPHIA, PA 19102
(215) 732-8900
FAX (215) 732-8999

304 HARPER DRIVE
SUITE 103
MOORESTOWN, NJ 08057
(856) 608-9020
FAX (856) 608-0625

ONE JENKINTOWN STATION
115 WEST AVENUE
SUITE 108
JENKINTOWN, PA 19046-2031
(215) 887-4609
FAX (215) 887-4604

OUR FILE NO: 105.015

**July 24, 2006**

Ms. Jaime Gatta
DOCUMENT REPRODUCTION SERVICES
1617 JFK Boulevard
Suite 820
Philadelphia, PA 19103

> RE:   **Mark Turulski, Sr. vs AMTRAK**
>        **United States District Court**
>        **for the District of Delaware**
>        **Civil Action No. 06-CV-0245 GMS**
>        **Date of Loss: 3/20/04**
>        **Amtrak File No.: 100293-WJJ**

Dear Ms. Gatta:

Please be advised that these offices represent the Defendant, AMTRAK, in the above referenced litigation.

Could you please obtain any and all records from the following deponents as they pertain to Mr. Turulski:

1.  **William Penn High School (Pupil records)**
    713 East Basin Road
    New Castle, DE 19720
    302-324-5740

2.  **Goldey Beacom College (Pupil records)**
    4701 Limestone Road
    Wilmington, DE 19808-8814
    302-998-8814

Ms. Jaime Gatta
July 24, 2006
Page 2

3. **James H. Grove High School (Pupil records)**
   1703 School Lane
   Wilmington, DE 19808
   302-994-4079

4. **Delaware Technical and Community College (Pupil records)**
   333 Shipley Street
   Wilmington, DE 19801
   302-571-5300

5. **National Military Records Center (Navy)**
   St. Louis, MO

6. **Sears (Employment records)**
   Price's Corner
   Wilmington, DE 19801
   302-995-9222

7. **Carman Lincoln Mercury (Employment records)**
   3420 Kirkwood Highway
   Wilmington, DE 19808
   302-995-2222

8. **Delaware State Hospital**
   1901 North DuPont Highway
   New Castle, DE 19720
   302-577-4000

9. **Wilmington Veterans Medical Center**
   Doctors Yeng & Elmwood
   Kirkwood Highway
   Wilmington, DE

10. **Howard R. Young Correctional Institution**
    (Gander Hill Prison)
    1301 East 12th Street
    Wilmington, DE 19801
    302-429-7700

Ms. Jaime Gatta
July 24, 2006
Page 2

11.    **Delaware Correctional Center**
       (Smyrna Prison)
       1181 Paddock Road
       Smyrna, DE 19977
       302-653-9261

12.    **Sussex Correctional Institution**
       (Georgetown Prison)
       PO Box 500
       Georgetown, DE 19947

13.    **Lynda Weaver, MD**
       1941 Limestone Road
       Suite 210
       Wilmington, DE 19801
       302-998-0300

14.    **Christiana Care Health Services**
       501 West 14th Street
       Wilmington, DE 19801
       302-733-1900

15.    **St. Francis Hospital**
       7th & Clayton Streets
       Wilmington, DE 19805
       302-575-8260

    Mr. Turulski is serving as his own counsel (pro se).  His telephone number is 302-777-1077.  Mr. Turlurski resides at 6 Brookside Drive, Apt. A, Wilmington, DE 19804.  His SSN is 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; and his DOB is 10/10/57.

    Do not hesitate to contact me should you have any questions, or require any additional information.

                        Very truly yours,


                        Anthony J. Bompadre
                        Paralegal to Paul F.X. Gallagher, Esquire

//ajb

EXHIBIT H

# GALLAGHER & ROWAN, P.C.

ATTORNEYS AT LAW

SILVERSIDE CARR EXECUTIVE CENTER

501 SILVERSIDE ROAD

SUITE 94

WILMINGTON, DELAWARE 19809

(302) 798-2779

FAX (302) 798-2780

PAUL F. X. GALLAGHER+
MAUREEN ROWAN*
BENJAMIN N. GIALLORETO*

JESSICA E. GENSLER LIPPY ±
JOHN C. PORTER+
PAUL A. GALLAGHER*
KEVIN M. DURKAN+
JENNIFER E. THOMPSON*

* MEMBER OF PA BAR
+ MEMBER OF PA & NJ BAR
± MEMBER OF PA, NJ & DE BAR

1500 WALNUT STREET
SUITE 1600
PHILADELPHIA, PA 19102
(215) 732-8900
FAX (215) 732-8999

304 HARPER DRIVE
SUITE 103
MOORESTOWN, NJ 08057
(856) 608-9020
FAX (856) 608-0625

OUR FILE NO: 105.015

EXTENSION:124

November 17, 2006

Ms. Jaime Gatta
DOCUMENT REPRODUCTION SERVICES
1617 JFK Boulevard
Suite 820
Philadelphia, PA 19103

> **RE:** **Mark Turulski, Sr. vs AMTRAK**
> **United States District Court**
> **for the District of Delaware**
> **Civil Action No. 06-CV-0245 GMS**
> **Date of Loss: 3/20/04**
> **Amtrak File No.: 100293-WJJ**

Dear Ms. Gatta:

Could you please at your earliest convenience advise of the status of obtaining any and all records from the following deponents as they pertain to Mr. Turulski:

1. **William Penn High School (Pupil records)**
   713 East Basin Road
   New Castle, DE 19720
   302-324-5740

2. **Goldey Beacom College (Pupil records)**
   4701 Limestone Road
   Wilmington, DE 19808-8814
   302-998-8814

Ms. Jaime Gatta
November 17, 2006
Page 2

3.   **James H. Grove High School (Pupil records)**
     1703 School Lane
     Wilmington, DE 19808
     302-994-4079

4.   **Delaware Technical and Community College**
     **(Pupil records)**
     333 Shipley Street
     Wilmington, DE 19801
     302-571-5300

5.   **National Military Records Center**
     **(Navy)**
     St. Louis, MO

6.   **Sears (Employment records)**
     Price's Corner
     Wilmington, DE 19801
     302-995-9222

7.   **Carman Lincoln Mercury (Employment records)**
     3420 Kirkwood Highway
     Wilmington, DE 19808
     302-995-2222

8.   **Delaware State Hospital**
     1901 North DuPont Highway
     New Castle, DE 19720
     302-577-4000

9.   **Wilmington Veterans Medical Center**
     Doctors Yeng & Elmwood
     Kirkwood Highway
     Wilmington, DE

10.  **Howard R. Young Correctional Institution**
     (Gander Hill Prison)
     1301 East 12th Street
     Wilmington, DE 19801
     302-429-7700

11.  **Delaware Correctional Center**
     (Smyrna Prison)
     1181 Paddock Road
     Smyrna, DE 19977
     302-653-9261

Ms. Jaime Gatta
November 17, 2006
Page 3

12. **Sussex Correctional Institution**
(Georgetown Prison)
PO Box 500
Georgetown, DE 19947

13. **Lynda Weaver, MD**
1941 Limestone Road
Suite 210
Wilmington, DE 19801
302-998-0300

14. **Christiana Care Health Services**
501 West 14th Street
Wilmington, DE 19801
302-733-1900

15. **St. Francis Hospital**
7th & Clayton Streets
Wilmington, DE 19805
302-575-8260

Mr. Turulski is serving as his own counsel (pro se).  His telephone number
is 302-777-1077.  Mr. Turlurski resides at 6 Brookside Drive, Apt. A, Wilmington,
DE 19804.  His SSN is 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; and his DOB is 10/10/57.

Do not hesitate to contact me should you have any questions, or require
any additional information.

Very truly yours,


Anthony J. Bompadre
Paralegal to Paul F.X. Gallagher, Esquire

//ajb

**105.015**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARK TURULSKI, SR. | | CIVIL ACTION |
| | Plaintiff | |
| vs. | | NO. 06-245 |
| AMTRAK | | |
| | Defendant | |
| | | JURY TRIAL DEMANDED |
| | | 12 JURORS REQUESTED |

## CERTIFICATE OF SERVICE

    I, Jessica E. Gensler Lippy, as attorney for Amtrak in the above captioned matter, herein certify that I caused a true and correct copy of Amtrak's Motion to Compel Plaintiff's Discovery Answers, to be served upon Plaintiff as listed below on December 5, 2006, via US Mail:

> Mark Turulski, Sr.
> P.O. Box 3145
> Wilmington, DE 19804-3145

> **GALLAGHER & ROWAN, P.C.**

> By:/s/Jessica E. Gensler Lippy
>     JESSICA E. GENSLER LIPPY, ESQUIRE
>     DSB #4426
>     PAUL F. X. GALLAGHER, ESQUIRE
>     Attorney for Defendant Amtrak
>     SILVERSIDE CARR EXECUTIVE CENTER
>     501 SILVERSIDE ROAD
>     SUITE 94
>     WILMINGTON, DE 19809
>     (302) 798-2779

DATE:   December 5, 2006