# GALLAGHER & ROWAN, P.C.

ATTORNEYS AT LAW
SILVERSIDE CARR EXECUTIVE CENTER
501 SILVERSIDE ROAD
SUITE 94
WILMINGTON, DELAWARE 19809

(302) 798-2779
FAX (302) 798-2780

PAUL F. X. GALLAGHER+
MAUREEN ROWAN*
BENJAMIN N. GIALLORETO*

JESSICA E. GENSLER LIPPY ±
RAYMOND J. HUNTER+
JOHN C. PORTER+
PAUL A. GALLAGHER*
JENNIFER E. THOMPSON*

* MEMBER OF PA BAR
+ MEMBER OF PA & NJ BAR
± MEMBER OF PA, NJ & DE BAR

1500 WALNUT STREET
SUITE 1600
PHILADELPHIA, PA 19102
(215) 732-8900
FAX (215) 732-8999

304 HARPER DRIVE
SUITE 103
MOORESTOWN, NJ 08057
(856) 608-9020
FAX (856) 608-0625

OUR FILE NO: 105.015

April 16, 2007

**BY ELECTRONIC FILING**
Honorable Gregory M. Sleet
United States District Court
District of Delaware
J. Caleb Bogg Federal Building
844 North King Street
Lockbox 119
Wilmington, Delaware 19801

Re:  **Mark Turulski, Sr., Plaintiff pro se v. Amtrak**
     **Amtrak Case No. 100293/1-WJJ**
     **U.S.D.C./District of Delaware**
     **Civil Action No. 1:06-cv-00245 GMS**

Dear Judge Sleet:

In anticipation of the discovery teleconference scheduled for Friday April 27, 2007 at 11:00 a.m., Defendant respectfully submits the following items as the outstanding issues. Defendant attempted to contact and speak with Plaintiff, pro se, Mark Turulski various times both prior to and since notice of this conference was provided. Unfortunately, Defendant was unsuccessful and believes the last phone number provided by Mr. Turulski (302.777.1077) has been disconnected. However, Defendant includes below what is believed to be the Plaintiff's discovery issues.

**Plaintiff's Issues:**

Motion to Compel Identification of Officer Aquilla (filed 12/27/06) - Defendant's response filed 1/5/07

Motion for relief and request to not have to sign HIPAA authorizations (filed 12/27/06) - Defendant's response filed 1/5/07

Honorable Gregory M. Sleet
April 16, 2007
Page 2

### Defendant's Issues:

Plaintiff's Rule 26(a) Disclosures were never provided;

Plaintiff's Answers to Interrogatories were never provided;

Plaintiff's Response to Request for Production of Documents were never provided;

Plaintiff's executed HIPAA authorizations were never provided; and

A Discovery Deadline extension in light of the above.

All items requested from Plaintiff by Defendant were made early on in the litigation and motions to compel same were filed prior to expiration of discovery deadline. Now the deadline has passed and Defendant's feel they will be prejudiced should they not receive the requested discovery and have additional time to review and retain appropriate experts should same be needed.

As information, I will be out of the office on maternity leave on April 27, 2007, however, Paul F. X. Gallagher of my office who has been admitted pro hac vice in this matter intends to participate in the phone conference and I will make every attempt to be available as well from home.

As confirmation, my office will initiate the phone conference.

Very truly yours,

Jessica E. Gensler Lippy

JEGL
cc:   Clerk of the Court
      Mr. Mark Turulski